Dear Senator Weedn,
¶ 0 This office has received your request for an Attorney General's Opinion in which you ask the following question:
Are the Association of County Commissioners Self InsuranceFund and the Association of County Commissioners Self InsuranceGroup required to comply with the provisions of the Open MeetingAct and the Open Records Act as a matter of law?
¶ 1 Your letter indicates that numerous boards of County Commissioners have formed the Association of County Commissioners of Oklahoma Self Insurance Fund (ACCO-SIF), a group insurance association for the purpose of providing workers' compensation insurance, and the Association of County Commissioners of Oklahoma Self Insurance Group (ACCOSIG), which provides other property and casualty insurance for the participating counties. In order to answer your question, it is necessary to first examine the statutory authorization for multi-county self insurance groups.
¶ 2 Counties are required to provide workers' compensation to their employees and to pay for the coverage "out of the funds of such public entities." 85 O.S. 2b(A) (1998).[1] Counties may insure with the State Insurance Fund or, in the alternative, they may, among other options, "self-insure and make any appropriation of funds to cover their risk." 85 O.S.2b(B)(3)(a) (1998).[2] Two or more counties may enter into an interlocal agreement made pursuant to Section 74 O.S. 1001
et seq. of Title 74 for the purpose of acquiring workers' compensation insurance either by purchase or by self-insurance.See 85 O.S. 2b(B)(3)(c) (1998).[3]
¶ 3 The provisions of law governing a county's acquisition of liability insurance are included in the Governmental Tort Claims Act, which authorizes counties to insure against liabilities for personal injury or property damage and provides that the cost of any such insurance is a proper expenditure of the county. See51 O.S. 169(A) (1991). Any authorized insurance may be provided by "[s]elf-insurance, which may be, but is not required to be, funded by appropriations to establish or maintain reserves for self-insurance purposes." 51 O.S. 169(B)(1) (1991). In addition, "two or more counties or public agencies, by interlocal agreement made pursuant to Sections 74 O.S. 1001 et seq. of Title 74 of the Oklahoma Statutes, may provide insurance for any purpose by any one or more of the methods specified in this section." 51 O.S. 169(C) (1991).
¶ 4 Both 85 O.S. 2b and 51 O.S. 169, which detail the various authorized methods for counties to acquire workers' compensation and other forms of liability insurance, were analyzed in Attorney General Opinion 83-164. This opinion addressed the question of whether counties may participate in an insurance program administered by an entity formed by a cooperative undertaking as authorized by the Interlocal Cooperation Act. Based upon the two referenced sections, the Attorney General concluded that "upon compliance with the requirements of the Interlocal Cooperation Act, various counties may by interlocal agreement participate in an insurance program for acquisition of the various forms of insurance[.]" The Interlocal Cooperation Act provides that any power, privilege or authority exercised by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state. 74 O.S. 1004 (1991). The agencies are required to specify in their agreement the precise organization, composition and nature of any separate legal or administrative entity created, together with the powers delegated to the entity. See74 O.S. 1004(c)(2) (1991). In Opinion 83-164, the Attorney General notes that the County Government Council or its administrator, the Association of County Commissioners of Oklahoma, Inc. is empowered to set up a legal entity to administer a multi-county insurance program.[4]
¶ 5 The Open Meeting Act, 25 O.S. 301-74 O.S. 314
(1991-1998), applies to all meetings of "public bodies." The definition of "public body" specifically includes boards of county commissioners, as well as the governing boards of municipalities, boards of public and higher education, and:
 [A]ll boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, or any entity created by a public trust, task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body."
25 O.S. 304(1) (1998).
¶ 6 The Open Records Act, 51 O.S. 24A.1-51 O.S. 24A.24
(1991-1998), applies to records of "public bodies," including, but not limited to:
 [A]ny office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees or subcommittees thereof."
51 O.S. 24A.3(2) (1998).
¶ 7 Both the Open Records Act and the Open Meeting Act apply to governing boards of counties and to all bodies supported in whole or in part by public funds or entrusted with the expenditure of public funds. The Acts would clearly apply to an individual county who chose to self-insure using public funds. The result is the same where multiple counties join together to self-insure as a group.
¶ 8 The Association of County Commissioners of Oklahoma Self Insurance Fund (ACCOSIF), which provides workers' compensation insurance, is authorized by 85 O.S. 2b (1998). This section gives counties the option of joining with other counties under the Interlocal Cooperation Act for the purposes of self-insuring for workers compensation and requires the counties to pay for the coverage out of the funds of such public entities. The Association of County Commissioners of Oklahoma Self Insurance Group (ACCO-SIG) is authorized by 51 O.S. 169 (1991), which gives counties the option of joining with other counties under the Interlocal Cooperation Act for the purposes of self insuring against property or casualty liability and authorizes counties to use appropriations to fund the program. An entity, such as the ACCO-SIG or ACCO-SIF, which is formed by multiple counties pursuant to statutory authorization and which has been delegated the task of performing a function, such as self-insurance, which would otherwise be done by the individual counties themselves and which receives funding from such county governments, is subject to both the Open Records Act and Open Meeting Act.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Association of County Commissioners Self Insurance Fundand the Association of County Commissioners Self Insurance Groupare required to comply with the provisions of the Open MeetingAct, 25 O.S. 301-25 O.S. 314 (1991-1998), and the OpenRecords Act, 51 O.S. 24A.1-51 O.S. 24A.24 (1991-1995).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] This section was renumbered to section 2b(A)(1) in S.B. 680, 47th Leg., 1st Sess. (Okla. 1999).
[2] This section was renumbered to section 2b(B)(1) in S.B. 680, 47th Leg., 1st Sess. (Okla. 1999).
[3] This section was renumbered to section 2b(B)(3) in S.B. 680, 47th Leg., 1st Sess. (Okla. 1999).
[4] Title 19 O.S. 7 (1991) authorizes boards of county commissioners to enter into interlocal agreements to participate in the County Government Council and provides that the Association of County Commissioners of Oklahoma, Inc. may be designated the administrator of the County Government Council.